Argued at Pendleton May 3; affirmed June 2, 1943

# BLASER v. DALLES CITY ET AL.

(137 P. (2d) 991)

442

BEFORE BAILEY, Chief Justice, and BELT, LUSK and HAY, Associate Justices.

*Paul W. Childers,* of The Dalles, for appellant.

*Celia Gavin,* of The Dalles, and *Ralph E. Moody,* of Salem (Gavin & Gavin, of The Dalles, and Ralph E. Moody, of Salem, on the brief) for respondents.

BAILEY, C. J. This suit was instituted by Walter Blaser, a resident and taxpayer of Dalles City, Oregon, a municipal corporation, against that city and its mayor, councilmen and recorder, to enjoin the defendants ''from issuing or disposing of any of the bonds attempted to be authorized by'' chapter XL

of the charter of Dalles City, and for a decree declaring that chapter null and void. The demurrer of the defendants to the complaint was sustained and upon the refusal of the plaintiff to plead further a decree was entered dismissing the suit. The plaintiff has appealed.

Chapter XL was adopted as an amendment of the charter of Dalles City by the legal voters of that municipality, on November 3, 1942. Section 1 of this chapter authorizes and empowers the council of the city "to purchase land for Dalles City in such amounts and such locations either within or without the corporate limits of Dalles City as the council of Dalles City shall deem proper or expedient and . . . to construct sewers, roads, tracks and approaches thereto and to survey, improve, or develop same as in the judgment of the council may be for the best interest of Dalles City and . . . to thereafter lease such land or any portion thereof for such amounts or such periods of time or such uses as in the judgment of the council of Dalles City may be for the best interests of such city, and . . . to sell all or any portion of such land so purchased for such price or prices as in the judgment of the council may be reasonable and for the best interests of such city."

Section 2 of the chapter in part thus reads: "For the purpose of providing funds for the purchase of such land for surveying, improvement, and development of the same and for the improvement and construction of sewers, roads, tracks or approaches thereto, the council of Dalles City is hereby authorized and empowered to issue and dispose of general obligation bonds of Dalles City in the sum of $100,000 or any lesser sum". The remainder of this section pre-

scribes the denominations of the bonds and other details of their issuance.

Section 3 of chapter XL provides that the bonds shall be sold by the council "as in its judgment may be best but not for less than par and accrued interest."

After setting forth verbatim the above charter amendment and stating the foregoing facts the complaint alleges that this amendment is void "because it contains a provision attempting to authorize and empower said city to enter into transactions which are not municipal in character or necessary or required for any municipal purpose, in that such charter amendment attempts to authorize and empower the city 'to thereafter lease such land or any portion thereof for such amounts or such periods of time or such uses as in the judgment of the council of Dalles City may be for the best interests of such city, and . . . to sell all or any portion of such land so purchased for such price or prices as in the judgment of the council may be reasonable and for the best interests of such city.' "

It is further asserted that the charter amendment is void for the reason "that it attempts to authorize the city to purchase land without the limits of said city, to construct sewers thereon and build roads, tracks and approaches thereto". The complaint next alleges that the mayor and common council of the defendant city "are threatening to and will issue and dispose of a series of bonds of Dalles City attempted to be authorized by said amendment for the purpose of acquiring the property and doing and performing the acts and things with reference to said property, which said charter amendment pretends to authorize, thus wrongfully and unlawfully incurring a debt and

obligation for purposes which are not municipal and will wrongfully increase the taxes upon plaintiff's property".

■ The complaint does not allege definitely what the mayor and common council are threatening to do. It does not state what property they are proposing to buy, whether it is within or without the corporate limits of Dalles City, or the purpose for which the property is to be used. The recital that those officials are threatening to incur wrongfully and unlawfully "a debt and obligation for purposes which are not municipal" is merely a conclusion of law. Apparently no resolution or ordinance has been adopted or enacted to provide for the sale of bonds or for the purchase of any land. If such an ordinance had been passed, that fact would undoubtedly have been alleged.

■ The charter amendment, chapter XL, was adopted pursuant to article IV, § 1-a of the constitution, which reserves to the legal voters of every municipality and district the powers of initiative and referendum "as to all local, special, and municipal legislation, of every character, in or for their respective municipalities". Those powers, however, are to be exercised subject to the constitution and the general laws of the state of Oregon: *Burton v. Gibbons,* 148 Or. 370, 36 P. (2d) 786, and authorities therein cited.

The legislature, in a number of instances, has by general laws conferred upon municipalities power and authorization to acquire property within and without their corporate limits. For example, § 95-1808, O. C. L. A., authorizes "any incorporated city or town" in the state of Oregon "to own, acquire, construct, equip, operate and maintain, either within or without the statutory or corporate limits of such

municipality, in whole or in part, sewers, sewer systems," disposal plants and similar facilities. By § 95-1712, O. C. L. A., any incorporated city having 5,000 inhabitants or more is authorized to purchase land either within or without its corporate limits, "for the purpose of public squares, parks, memorial monuments or buildings, pioneer memorials, pioneer museums, memorials and monuments to United States war veterans, auto campgrounds, playgrounds," and other public uses. (The 1940 United States census shows Dalles City as having a population of 6,266.) Chapter 189, Oregon Laws 1941, confers upon cities the right, as their charters may permit, to acquire land for airports, within or without their corporate limits. Section 114-101, O. C. L. A., authorizes incorporated cities and towns, "when the power to do so is conferred by or contained in their charter or act of incorporation," to build, own, operate and maintain waterworks, water systems, railways and electric light and power plants, within and without the boundaries of such municipalities, "for the benefit and use of the inhabitants thereof, and for profit". And by § 114-104, O. C. L. A., incorporated cities and towns are empowered, if their charters or acts of incorporation permit, to purchase, build, own, operate and maintain telephone and telegraph systems within or without their corporate limits. Numerous other general enactments of the legislature could be mentioned that also confer upon municipalities the authority to acquire land within and without their corporate limits, for many purposes.

■■ It will thus be seen that the defendant municipality has authority to acquire, improve and develop real property both within and without its corporate

limits. No presumption is to be indulged in that the city or its officers, in acquiring property or transacting other municipal business, will unlawfully exercise the powers conferred by charter or the general laws of the state. *Slovanian Literary and Social Association v. City of Portland,* 111 Or. 335, 357, 224 P. 1098.

■ We do not construe the charter amendment, chapter XL, as conferring upon the city council unrestricted authority to purchase property within or without the city limits for any purpose it may deem proper or expedient. The amendment does not define the purposes for which land may be acquired, and we are of the opinion that authority to purchase real property must be found elsewhere in the charter or in the general laws of the state. Chapter XL does, however, authorize the city council to survey, improve and develop lands lawfully acquired and to construct "sewers, roads, tracks or approaches thereto".

The object of the amendment undoubtedly is to permit the city council in its discretion to use the $100,000 authorized, or any part thereof, for acquiring, improving and developing property for any of the uses sanctioned by city charter or state laws, without calling upon the voters of Dalles City to authorize a bond issue for every such expenditure. We see no legal objection to this manner of proceeding.

■ "As a general rule, the power of a municipality to convey property is equal to its power to acquire it. At common law a municipal corporation, unless restrained by its charter, could dispose of property in the same manner as private individuals": *Dix v. Port of Port Orford,* 131 Or. 157, 282 P. 109. See, also, 19 R. C. L., § 78, page 772. A municipality may also lease its

property when no longer required for municipal or public use: 19 R. C. L., § 77, page 771.

The allegations of the complaint are so vague and indefinite in regard to what the defendants "are threatening" to do that no concrete question is here presented for decision, other than perhaps the constitutionality of chapter XL in its entirety. We shall not, therefore, attempt to write a treatise on what the defendants may and may not do. It is sufficient to say that the plaintiff has not pointed out to us any particular in which chapter XL of the charter of Dalles City is void for unconstitutionality.

No error was committed by the circuit court in sustaining the demurrer to the complaint. The decree appealed from is accordingly affirmed.